

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-24-2002

# USA v. Garbutt

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4489

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Garbutt" (2002). *2002 Decisions*. Paper 432.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/432

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-4489
_____

UNITED STATES OF AMERICA

v.

NATALIE GARBUTT,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania

District Court Judge: The Honorable Maurice B. Cohill, Jr.
(D.C. Criminal No. 01-CR-00032-1)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 18, 2002

Before: McKEE, FUENTES, and ALDISERT, Circuit Judges

(Opinion Filed: July 24, 2002)


OPINION OF THE COURT


FUENTES, Circuit Judge:

Appellant Natalie Garbutt was convicted by a jury of possession with intent to distribute in excess of 50 grams of cocaine base (crack) in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(A)(iii). The court sentenced Garbutt to 151 months imprisonment. On appeal, Garbutt contests several of the District Court's evidentiary rulings. We conclude that all of Garbutt's claims lack merit, and therefore we will affirm the District Court's judgment of conviction and sentence.

Because we write only for the parties, we need not recite the familiar factual background of this case. Garbutt first argues that a statement made during direct examination by Narcotics Agent Daniel Opsatnik was inadmissible hearsay. The prosecution asked Opsatnik "how did the investigation come about with Ms. Garbutt?" Supp. App. at 25. Defense counsel objected. During a side bar conference, defense counsel argued that the question called for the agent to relate hearsay statements made by an informant. The court ruled that the question was permissible and stated that it would give the jury a limiting instruction.

Agent Opsatnik then answered the question by stating: "Yes. Detective Burke, who is a member of the task force, received information from an informant that Percival Higgins, a/k/a/ Papa Dread, was utilizing a house at 581 Spruce Street to sell crack cocaine out of." Id. at 26. The court then interrupted the direct examination to explain why the testimony was offered, and concluded by instructing the jury that it could "consider [the agent's] testimony for why he took the action he did but not for the truth of what the other person said to him and that there was drug dealing going on." Id. at 28.

Garbutt argues that Agent Opsatnik's testimony was hearsay that linked crack sales to 581 Spruce Avenue. Garbutt claims that under United States v. Sallins, 993 F.2d

344 (3d Cir. 1993), the statement was inadmissible for its truth as "background information" to help the jury understand the police's actions. In Sallins, this Court reversed a conviction for firearm possession by a convicted felon because the content of a police radio call was admitted for its truth as background to explain the officers' actions. We stated that "the government simply could have elicited testimony that the officers were responding to a radio call or information received." Id. at 346. Yet in Sallins, the evidence was admitted for its truth while here it was admitted for a limited purpose and the court's limiting instruction attenuated any prejudice. Id. at 347. We presume that the jury will follow a curative instruction unless there is an "overwhelming possibility" that the jury will be unable to follow it and strong evidence that the effect on the defendant would be "devastating." United States v. Newby, 11 F.3d 1143, 1147 (3d Cir. 1993). We cannot say that such an overwhelming possibility exists in this case.

Garbutt argues that the agent's statement was unnecessary because other Government evidence established a link between Garbutt, crack sales, and the residence at 581 Spruce Avenue. Yet the statement was introduced not to prove that drug sales occurred at 581 Spruce Avenue, and the statement did not even refer to Garbutt. Instead, as the court clearly instructed, the statement only served to inform the jury why Agent Opsatnik began investigating 581 Spruce Avenue for drug activity, and was not admitted for the truth of the matter asserted. The District Court did not err in admitting the evidence for this expressly limited purpose. Even if it did, any error was rendered harmless by the court's limiting instructions and the other testimony and evidence presented. See Newby, 11 F.3d at 1147.

Secondly, Garbutt argues that items relating to marijuana and cocaine seized from her trash were inadmissible as prejudicial and evidence of "other crimes" under Federal Rules of Evidence 404(b) and 403 because Garbutt was only charged with possession with intent to distribute crack, not marijuana or cocaine. Garbutt only objected to the introduction of one of these exhibits. Supp. App. at 38. However, Garbutt's counsel objected solely on the grounds of relevancy. At no time did counsel "specifically invoke either Rule 404(b) or Rule 403," and the substance of counsel's objection "was not of such a character to put the trial judge on notice that an objection based on Rule 404(b) or Rule 403 was at issue." United States v. Sandini, 803 F.2d 123, 126 (3d Cir. 1986). As to the other exhibits concerning marijuana and cocaine, Garbutt did not object at all. Therefore, we will not consider these challenges as they were not properly preserved for appellate review. Id. at 127.

Garbutt next challenges the admission of Agent Opsatnik's testimony regarding a search warrant he obtained for 581 Spruce Avenue. Agent Opsatnik stated at trial that he "prepared an affidavit of probable cause for a search warrant for 581 Spruce Avenue. That affidavit and copy of the search warrant was given to District Judge William Fagli (spelled phonetically) in Greenfield. At that time he signed it authorizing us to do a search at 581 Spruce Avenue." Supp. App. at 48. On appeal, Garbutt argues that this statement constitutes impermissible vouching by the Government that the search was "called for and that the seizures were monitored by the court." Garbutt Br. at 31.

"Vouching constitutes an assurance by the prosecuting attorney of the credibility of a Government witness through personal knowledge or by other information outside of the testimony before the jury." United States v. Walker, 155 F.3d 180, 184 (3d Cir. 1998). We cannot fathom how an unremarkable statement by a testifying witness, not the prosecutor, that a search warrant was judicially authorized amounts to improper vouching. Because Garbutt's counsel did not object to this testimony at trial, Garbutt must prove plain error on appeal. Garbutt has not shown that the court plainly erred in admitting this testimony.

Finally, Garbutt contends that the District Court erred in ruling in limine under Federal Rule of Evidence 609(a) that the Government could use Garbutt's prior felony drug conviction to impeach Garbutt if she testified. However, because Garbutt did not testify at trial, she failed to preserve this issue for review. Luce v. United States, 469 U.S. 38, 43 (1984); United States v. Rosario, 118 F.3d 160, 162 n.6 (3d Cir. 1997).

For the foregoing reasons, we will AFFIRM the judgment of the District Court.

---

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.


                                        /s/ Julio M. Fuentes
                              Circuit Judg