

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-25-2005

# USA v. Figaro

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3967

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Figaro" (2005). *2005 Decisions*. Paper 1431.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1431

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No: 03-3967

_____

UNITED STATES OF AMERICA

v.

KURT FIGARO,
a/k/a "Tony",
a/k/a Donnell Constantine,
a/k/a Anthony Constantine,
a/k/a "Boy",
a/k/a "Dread",

Kurt Figaro,
Appellant

_____

On appeal from the United States District Court
for the Middle District of Pennsylvania
(Case No. 01-CR-366-03)
District Judge: Hon. Malcolm Muir

_____

Submitted Pursuant to Third Circuit LAR 34.1
September 30, 2004

Before: RENDELL, FUENTES and SMITH, *Circuit Judges*

(Filed: March 25, 2005 )
_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge*.

Appellant, Kurt Figaro, challenges his conviction and sentencing for conspiracy to distribute in excess of 50 grams of cocaine base and in excess of 100 grams of heroin, possession with intent to distribute in excess of 50 grams of cocaine base and aiding and abetting, and conspiracy to commit money laundering. Figaro contends that he was denied a fair trial because the District Court erred in admitting certain testimony under the Federal Rules of Evidence and that he received ineffective assistance of counsel.[1] For the reasons that follow, we will affirm the District Court's judgment of conviction but remand for resentencing.

## I.

Because we write only for the parties, we set forth merely a brief recitation of the facts. On November 17, 2001, Pennsylvania State Police effected a traffic stop of a Toyota Corolla which ultimately led to the discovery of crack cocaine in the stopped vehicle. Trial testimony revealed that through subsequent investigation, the State Police learned that the

---

[1] Although Figaro argues that review of his ineffective assistance claims is appropriate at this stage, we see no reason to depart from our longstanding practice of "defer[ring] the issue of ineffectiveness of trial counsel to a collateral attack." *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003). While we "may address the claim of ineffective assistance of counsel on direct appeal when the record is sufficient to allow determination of the issue," *id.*, the errors that Figaro identifies were neither so egregious nor so obvious from the record that the need for an evidentiary hearing is obviated. We therefore do not consider Figaro's claims that his trial counsel rendered ineffective assistance of counsel in failing to object to or request a motion to strike Ralston Smith's testimony or in failing to object to or request a motion to strike Linda Cottrell's testimony that she knew Figaro had possessed firearms at this stage. Our affirmance of Figaro's convictions is without prejudice to his right to raise this claim on collateral attack brought pursuant to 28 U.S.C. § 2255. *See id.* at 272.

occupants of the vehicle were bound for Altoona, Pennsylvania, and that the drugs were being transported at the behest of Figaro. According to the testimony at trial, this was one of many trips of its kind associated with Figaro's management of a significant operation involving transportation of drugs from New York and Connecticut for distribution in Altoona, and guns and ammunition from Altoona to Connecticut. The Grand Jury charged Figaro with conspiracy to distribute in excess of 50 grams of cocaine base and in excess of 100 grams of heroin, possession with intent to distribute in excess of 50 grams of cocaine base and aiding and abetting, and conspiracy to commit money laundering, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § 1956(h), respectively. Figaro pled not guilty to each of the charges. Following a trial, on September 4, 2002, a jury found Figaro guilty on all counts.[2]

Figaro argues that the District Court erred in overruling two hearsay objections made by his trial counsel. He further asserts that the cumulative effect of other evidentiary errors, to which his attorney did not object, denied him a fair trial.

## II.

This Court undertakes plenary review of the District Court's "interpretation of the Federal Rules of Evidence but review[s] a ruling based on a permissible interpretation of a rule for abuse of discretion." *United States v. Reilly*, 33 F.3d 1396, 1410 (3d Cir. 1994). Figaro argues that the District Court erred in overruling his hearsay objection to testimony

---

[2] The District Court utilized special verdict interrogatories with respect to the drug quantities.

from Trooper Hutson regarding witness Linda Cottrell's identification of Figaro. The Government initially asked Trooper Hutson what he had learned from Cottrell regarding the drugs that were recovered in the trunk of the stopped vehicle. Figaro's counsel objected on hearsay grounds and the District Court sustained the objection. The Government revised its question, asking Hutson, "Based on what you learned from Linda Cottrell, what did you do after that?" Figaro's counsel repeated his objection and the Government explained that "the statement was not offered for the truth of the matter but for the effect on the listener or the hearer." The District Court overruled the objection.

Federal Rule of Evidence 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, *offered in evidence to prove the truth of the matter asserted*." (emphasis added). It is clear from both the Government's question and Trooper Hutson's response that the testimony did not constitute hearsay because it was not offered to prove the truth of the matter asserted. Instead, the Government introduced the testimony to explain how the Trooper identified Figaro from the evidence collected from the stopped vehicle. The District Court therefore properly overruled Figaro's objection to that testimony.

Figaro also argues that the District Court improperly overruled his objection to testimony from Trooper Hutson regarding wire transfers made by Cottrell. The Government asked Trooper Hutson, "Now, in addition to identifying telephone information, did you recover evidence from any other locations in the Altoona area based

4

on what Cottrell told you?" Trooper Hutson began to answer, stating, "Yes, she later contacted us on the 18th of December and spoke of the various money order transactions that were –." Figaro's attorney objected, "Again, objection, Your Honor, concerning the statements of Linda Cottrell." The Government proffered that Trooper Hutson was going to testify that he recovered Western Union records as a result of what Cottrell had told him and explained that the testimony was not hearsay because it was not being offered "for the truth of the matter but for the effect on the hearer." The District Court overruled the objection. We find no error inasmuch as the testimony did not qualify as hearsay.

Figaro contends that the cumulative effect of numerous evidentiary errors resulting from the admission of Trooper Hutson's testimony—to which his trial attorney did not object—denied him a fair trial. This Court reviews arguments as to evidentiary errors where no objection was made for plain error. *United States v. Olano*, 507 U.S. 725, 732 (1993). If an error is identified, it must be one that is "plain" and that "affects substantial rights," in order for relief to be appropriate. *Id.* (brackets omitted). Courts of Appeals have discretion to correct a forfeited error, if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotations and citations omitted). Upon consideration of the assignments of error alleged by Figaro, we conclude that none constituted plain error such that relief is warranted.

Specifically, in regard to Figaro's argument that Trooper Hutson's testimony constituted improper "overview testimony," we note first that Trooper Hutson's testimony

was not of the sort described by the two Courts of Appeals to have addressed the propriety of "overview testimony." *See United States v. Casas*, 356 F.3d 104, 117-24 (1st Cir. 2004) (DEA Agent testimony describing scope of drug smuggling "organization" and providing conclusory testimony as to the identity of the members of the "organization" was unacceptable overview testimony); *United States v. Griffin*, 324 F.3d 330 (5th Cir. 2003) (FBI Agent testimony using chart and providing overview of case against defendants improperly allowed). In the two cases cited by Figaro, the testimony at issue provided a comprehensive view of the case against the defendants at the start of testimony and included conclusory statements as to the identities of the participants of the conspiracies. Trooper Hutson's testimony does bear some similarity to that discussed in *Casas* and *Griffin* in that it came from a law enforcement official at the start of the trial. It is, however, distinguishable because, rather than telling the story of the conspiracy according to the Government, it told the story of Trooper Hutson's investigation in the case. Trooper Hutson did not attempt to explain the operations of the alleged conspiracy, nor did he identify the members of the conspiracy. Although Trooper Hutson did use the word "coconspirators," he did not associate the label with anyone in particular as did the witness in *Casas*.

Trooper Hutson's testimony did not constitute reversible "background testimony" as Figaro argues either. This Court has recognized that, although "officers generally should be allowed to explain the context in which they act," such background testimony is

6

subject to the limitation that hearsay testimony admitted for that reason must have a valid purpose. *United States v. Sallins*, 993 F.2d 344, 346 (3d Cir. 1993); *see also United States v. Lopez*, 340 F.3d 169, 176 (3d Cir. 2003). Trooper Hutson provided a certain amount of testimony regarding the traffic stop that arguably exceeded what was necessary to explain how he became involved in the investigation. The admission of that testimony does not constitute plain error, however, because Figaro was not alleged to have been involved in the events leading to the vehicle stop. Thus, it is highly unlikely that testimony regarding the details of the stop influenced the jury's verdict as to Figaro. Further, to the extent that Trooper Hutson's testimony preempted subsequent witnesses' testimony on the details of the stop or as to Figaro's connection to the stop, the resulting hearsay was harmless because the witnesses corroborated Trooper Hutson's testimony.

We reach the same conclusion as to the portions of Trooper Hutson's testimony to which Figaro takes exception under this overview testimony theory for reasons other than hearsay. Trooper Hutson's testimony regarding the photo of Figaro from a prior arrest did not constitute bad character evidence under Fed. R. Evid. 404(b) because the transcript reveals that the information was introduced for a valid purpose, *i.e.*, explaining how the investigators were able to get a proper identification of Kurt Figaro, including biographical information such as his Social Security number and his date of birth.

Trooper Hutson's testimony that he obtained telephone numbers for Figaro and Cottrell from a piece of paper contained in an envelope containing the personal effects of

7

one of the occupants of the stopped vehicle was not hearsay because the piece of paper was not offered for the truth of the matter asserted, but rather to explain how Trooper Hutson came to identify Figaro in connection with the stop. Nor was Hutson's testimony that the investigators had "learned" that Figaro had been using a Pontiac Grand Am hearsay, as it was introduced to explain why they searched an abandoned Grand Am, which led the investigators to determine, on the basis of the documentation found inside the vehicle, that Figaro had used the car.

Finally, the Government's closing argument did not support Figaro's theory that Trooper Hutson's testimony constituted improper overview testimony. The Government only mentioned Trooper Hutson in passing, mid-way through the closing argument. The mention of Trooper Hutson once by name and the Government's suggestion to the jury that it should "work backwards the way the investigators did," did not support Figaro's overview theory. In fact, the absence of more references to Trooper Hutson's testimony is telling because it is clear from the closing argument that the Government was not relying on Trooper Hutson's testimony to provide structure to his case. Rather, as the Government acknowledged in its closing, the jury needed to "connect the dots" during their deliberations as to Figaro's guilt.

Accordingly, we will affirm the District Court's judgment of conviction. Figaro challenges his sentence, however, under *United States v. Booker*, 543 U.S. __, 125 S.Ct. 738 (2005). Having determined that the sentencing issues appellant raises are best

determined by the District Court in the first instance, we will vacate the sentence and

remand for resentencing in accordance with *Booker*.