133 F.3d 930
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond SANDERS, Defendant-Appellant.
 No. 96-10571.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1997.
Dec. 24, 1997.
 
 Before: HUG, Chief Judge, WALLACE, and HALL, Circuit Judges.
 
 MEMORANDUM
 
 1
 Sanders appeals from his conviction for one count of aiding and abetting possession and one count of conspiracy to aid and abet the possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841, 846. The district court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 Sanders first argues that the district court committed reversible error in allowing testimony about co-defendants' prior cocaine use. Because Sanders never objected to this testimony, we review only for plain error. Fed. R.Crim.P. 52(b). Sanders must slow that the admission of this testimony was erroneous, that the error was plain or obvious, and that it affected substantial rights; only then do we decide whether to exercise our discretion to correct the forfeited error. United States v. Olano, 507 U.S. 725, 732-36 (1993) (Olano ).
 
 
 3
 We have held that "evidence of prior criminal acts may be relevant in conspiracy cases to show the background and development of the conspiracy." United States v. McKoy, 771 F.2d 1207, 1214 (9th Cir.1985). It is not plain or obvious that the co-defendants' testimony was not relevant background information concerning the development of the conspiracy and therefore, there was no plain error. Moreover, the district court. instructed the jury that there were no cocaine charges against Sanders and that the evidence being offered was not to be considered against Sanders. Only in rare situations will a cautionary instruction not cure the prejudicial effect of an error. Toolate v. Borg, 828 F.2d 571, 572-73 (9th Cir.1987).
 
 
 4
 Sanders's reliance on Bruton v. United States, 391 U.S. 123 (1968), is misplaced. Bruton concerned the admission of a co-defendant's confession that would implicate the defendant as well. See id. at 126. None of the testimony to which Sanders now objects consisted of co-defendant confessions implicating him.
 
 
 5
 Sanders next challenges the admission of hearsay testimony by two police officers. Again, Sanders failed to object. Thus, United States v. Sallins, 993 F.2d 344 (3d Cir.1993), cited by Sanders, is inapplicable, because in that case the defendant did object to the hearsay testimony; therefore review was plenary. Id. at 345-46. Our review is constrained to plain error.
 
 
 6
 Sanders DOES not appear to show that any error was plain or affected substantial rights as required by Olano. But even if he could, we would not exercise our discretion to correct the error. Olano, 507 U.S. at 735. Trial counsel may have had a tactical reason not to object to the testimony and chose to waive the objection. For us to correct any such error now would be tantamount to holding that counsel was constitutionally ineffective. Such a determination should be made under 28 U.S.C. § 2255.
 
 
 7
 Finally, Sanders argues unpersuasively that reversal is warranted based on cumulative errors.
 
 
 8
 AFFIRMED.