**UNITED STATES of America,**

v.

**Clyde WILSON, Appellant.**

**No. 01–2405.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) April 2, 2002.

Opinion Filed April 18, 2002.

Before SLOVITER, FUENTES, and MICHEL, Circuit Judges.

## OPINION OF THE COURT

FUENTES, Circuit Judge.

Appellant Clyde Wilson was convicted by a jury of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). At trial, over Wilson's objections, the court admitted tapes and transcripts of anonymous 911 calls into evidence for a limited purpose. These 911 calls instigated the police investigation which led to Wilson's arrest. The District Court overruled Wilson's objections at trial, and after the jury returned its verdict, the court denied his motion for a new trial. The court sentenced Wilson to 120 months imprisonment.

Because we write only for the parties, we need not recite the familiar factual background of this case. Wilson argues, as he did below, that the evidence of the 911 calls constitutes inadmissible hearsay, does not meet the present sense impression or excited utterance hearsay exceptions, and that under *United States v. Sallins*, 993 F.2d 344 (3d Cir.1993), the tapes are inadmissible for their truth as "background information" to help the jury understand the police's actions.

In *Sallins*, this Court reversed a conviction for firearm possession by a convicted felon because the content of a police radio call was admitted for its truth as background to explain the officers' actions. We stated that "the government simply could have elicited testimony that the officers were responding to a radio call or information received." *Id.* at 346. In its opinion denying Wilson's motion for a new trial, the District Court held that *Sallins* is distinguishable because in this case, stating that the officers were "responding to a radio call or information received," would have been insufficient explanation for the officers' actions. Moreover, the court concluded that in *Sallins*, the evidence was admitted for its truth while here it was

admitted for a limited purpose and the court's limiting instructions attenuated any prejudice.

We agree with the District Court's reasoning. In this case, the court gave a specific and clear limiting instruction to the jury that it was "not to consider the evidence as evidence that the information was true and correct, but only that the calls were made and received." App. at 78a. While we acknowledge that the jury during its deliberations asked for a transcript of the 911 tapes, thus perhaps suggesting some misunderstanding of the first jury instruction, the court denied the request and again explicitly instructed the jury that the tapes were not to be considered for their truth. App. at 542a. We presume that the jury will follow a curative instruction unless there is an "overwhelming possibility" that the jury will be unable to follow it and strong evidence that the effect on the defendant would be "devastating." *United States v. Newby*, 11 F.3d 1143, 1147 (3d Cir.1993). Especially after these repeated jury instructions, we cannot say that there was such an overwhelming possibility.

Furthermore, most of the information in the tapes was also imparted in direct testimony, and the Government did not rely heavily on the tapes in its argument. We need not decide whether the 911 tapes meet any hearsay exceptions because we conclude that the District Court did not err in admitting the evidence for the expressly limited purpose of showing that the calls were made and received. Admission of this evidence did not violate *Sallins*, and even if it did, any error was rendered harmless by the court's limiting instructions and the other testimony and evidence presented. See *Newby*, 11 F.3d at 1147.

Wilson also argues that § 922(g)(1) is unconstitutional under the Commerce Clause. In *United States v. Singletary*, 268 F.3d 196 (3d Cir.2001), we held that § 922(g)(1) was a valid exercise of Congressional power and rejected the same arguments Wilson advances. Therefore, Wilson's contention lacks merit.

For the foregoing reasons, we will AFFIRM the judgment of the District Court.