COWEN, Circuit Judge,
dissenting.
Because I disagree with the Court’s determination that the trial court committed merely harmless error, I respectfully dissent.
In an effort to impeach the alibi-related testimony of Horsford, Motta unsuccessfully sought to present the testimony of his brother’s lawyer, Dowling, regarding certain prior statements allegedly made to her by this witness. Horsford, who testified that Motta was in a white car and returned to the abandoned vehicle around 1:30 p.m., denied on cross-examination that she ever told Dowling either that the car was blue or that she saw Motta returning to the abandoned vehicle at an earlier time. Dowling evidently would have testified that Horsford did in fact tell her that the car itself was blue and that she witnessed Motta coming back to the derelict vehicle much earlier than 1:30 p.m. (and even earlier than the 12:30 p.m. time recorded in Horsford’s police statement).
The majority correctly rejects the Appellate Division’s determination that it was appropriate to exclude such testimony as cumulative. Like the trial court, the Appellate Division failed to provide a real explanation for this cumulativeness finding, omitting any express reference to either the timeline or the color of the car. Contrary to the trial court’s suggestions, Horsford’s prior testimony in the brother’s trial and her police statement did not constitute sufficient substitutes for Dowling’s own proffered testimony, especially with respect to the color issue. As the majority notes (and neither the Appellate Division nor the trial court evidently recognized), Dowling’s testimony would have actually provided relevant and non-superfluous impeachment evidence given Horsford’s own adamant denials on cross-examination. In the apt words of the majority, “[w]e simply *189 cannot see how that testimony would have been cumulative of anything, and the refusal to allow Dowling to testily was error.” [6]
Nevertheless, I find that this error itself was not harmless. Initially, the government failed to raise this harmlessness issue in its own appellate briefing, although the issue was subsequently addressed at oral argument through this Court’s own questioning. See, e.g., United States v. McLaughlin, 126 F.3d 130, 135 (3d Cir.1997) (recognizing that appellate court had discretion to consider whether constitutional error was harmless where government did not argue issue but refusing to do so because of complexity of record and lack of certainty or clarity with respect to harmlessness finding). In any case, Hors-ford was an important government witness, presented to rebut Motta’s own defense that he could not have been one of the attackers in Estate Mary’s Fancy because he was actually in Estate Campo Rico when the crimes occurred. The color of the car, in particular, appeared to constitute an important and disputed issue at trial. While the victim testified that her attackers used a white car, the defense claimed that Motta was driving in a blue car on the day in question. In the absence of the trial court’s evidentiary error, Dowl-ing would have testified that Horsford actually told her that she did in fact see a blue car. In turn, a jury could have reasonably relied on such impeachment testimony to call into question Horsford’s sworn denial on the stand that she ever made such a statement as well as her specific claim, made at both trials and in the police statement, that she saw a white car. Under the circumstances, I cannot agree with the majority’s characterization of Dowling’s proffered non-cumulative testimony as involving merely “minor inconsistencies” and the “sort of commonplace impeachment evidence found at nearly every trial.”
In the end, the majority appropriately points out that the government presented substantial evidence of Motta’s guilt in this case. Nevertheless, an evidentiary error is harmless only if it is highly probable that the error did not contribute to the jury’s judgment of conviction. United States v. Sallins, 993 F.2d 344, 348 (3d Cir.1993). The error in precluding the defense from at least attempting to impeach an important prosecution witness on a important disputed issue fails to satisfy this rigorous standard. I accordingly would reverse the Appellate Division’s ruling affirming the conviction and remand this matter for a new trial.

. The majority also properly concludes that the Appellate Division failed to provide any justification for its finding that the proffered testimony was “likely” to confuse the issues.