OPINION OF THE COURT
HARDIMAN, Circuit Judge.
Swaleh Muiruri appeals his judgment of conviction, arguing that the District Court committed reversible error when it admitted hearsay testimony into evidence. We agree that the trial court erred in this regard and that these errors were not harmless. Since Muiruri had been incarcerated for some eight years, on April 22, 2009, the day after oral argument, we vacated Muiruri’s conviction and ordered his release. We now explain the reasons in support of our judgment.
I.
On the night of August 7, 2000, Dawn Fiscus stormed out of a bar in the Red Hook area of St. Thomas, U.S. Virgin Islands, following an argument with her husband. While Fiscus was walking down the road, Muiruri pulled alongside and offered her a ride in his unlicensed “taxi.” Fiscus declined Muiruri’s offer. Soon thereafter, Muiruri returned and implored Fiscus to allow him to drive her home. Fiscus entered the vehicle and the pair drove to several locations where they repeatedly had sexual intercourse.
Muiruri testified that Fiscus freely got into his vehicle and that the sex was consensual. Fiscus, on the other hand, claims that Muiruri forced her into his vehicle at gunpoint and then raped her repeatedly. At trial, Fiscus admitted that she told Muiruri that the sex was “very good,” “wonderful,” and “the best [she] ever had.” App. 319. Fiscus also made other state- *796 merits consistent with a consensual sexual encounter, including thanking Muiruri “for a lovely evening,” App. 328, 332, and instructed him to drop her off outside the entrance to her condominium complex so Muiruri would not be seen by the security guard and so Fiscus’s husband would not learn of their encounter. As soon as Mui-ruri dropped her off, however, Fiscus ran to the guard shack screaming that she had been raped and shouting out Muiruri’s license plate number.
Fiscus testified that the statements she made consistent with a consensual sexual encounter were merely a facade to pacify her attacker, as she had been taught in nursing school. She testified that Muiruri abducted her at gunpoint and physically restrained her from escaping several times.[1]
In sum, the case presented contradictory factual scenarios that required the jury to discern whether the accuser’s testimony that the encounter was not consensual was credible and, if so, whether guilt had been proven beyond a reasonable doubt.
Over Muiruri’s repeated objections, the trial judge admitted into evidence: (1) a written statement by Fiscus detailing her version of the encounter; (2) a security guard’s out-of-court statement to Fiscus’s husband that she had been raped; and (3) testimony about the investigation from a law enforcement officer who visited the crime scene with Fiscus. The jury returned a mixed verdict, convicting Muiruri of unlawful sexual contact, one count of assault, and two counts of rape, but acquitting him of false imprisonment and kidnapping, kidnapping for rape, another count of assault, and two other counts of rape.
Pursuant to 48 U.S.C. § 1613a(a)-(b), Muiruri appealed his conviction to the Appellate Division of the District Court of the Virgin Islands. Six years later, the Appellate Division affirmed and Muiruri appealed to this Court pursuant to 28 U.S.C. § 1291 and 48 U.S.C. § 1613a(c).
II.
Muiruri argues that the aforementioned out-of-court statements were inadmissible under the hearsay rule. “Whether a statement is hearsay is a legal question subject to plenary review. If the district court correctly classifies a statement as hearsay, its application of the relevant hearsay exceptions is subject to review for abuse of discretion.” United States v. Price, 458 F.3d 202, 205 (3d Cir.2006) (citations omitted). The deferential abuse of discretion standard is met only when “the district court’s action was arbitrary, fanciful or clearly unreasonable”; in other words, when “no reasonable person would adopt the district court’s view.” United States v. Frazier, 469 F.3d 85, 87-88 (3d Cir.2006).
A.
The first question presented is whether the written statement Fiscus gave to the police the day after the encounter was admissible under Federal Rule of Evidence 801(d)(1)(B), which excludes prior consistent statements from the definition of hearsay. Although Rule 801 defines hearsay and we generally conduct plenary review of hearsay determinations, Price, 458 F.3d at 205, we have held that a trial court’s ruling on the admissibility of prior consistent statements is reviewed for abuse of discretion because “[tjhis inherently factual inquiry does not have a sufficient legal component to warrant plenary review.” Frazier, 469 F.3d at 87.
*797 Under Rule 801(d)(1)(B), an out-of-court statement is not hearsay if it is “consistent with the declarant’s testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive.” Id. at 88. The following requirements must be satisfied for a prior consistent statement to be admitted into evidence: “(1) the declarant must testify at trial and be subject to cross-examination; (2) there must be an express or implied charge of recent fabrication or improper influence or motive of the declarant’s testimony; (3) the proponent must offer a prior consistent statement that is consistent with the de-clarant’s challenged in-court testimony; and (4) the prior consistent statement must be made prior to the time that the supposed motive to falsify arose.” Id.
Fiscus testified at trial, her testimony was generally consistent with her written statement, and the defense impugned her testimony by suggesting that the rape allegations were concocted to garner sympathy from her husband after a fight. Only the “pre-motive requirement” is at issue here. “[T]he premotive inquiry is interrelated with the fabrication/motive/influence inquiry, and should for the most part be left to the sound discretion of the district court.” Id. at 93.
The Supreme Court squarely addressed the pre-motive requirement in Tome v. United States, 513 U.S. 150, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995), stating: “Prior consistent statements may not be admitted to counter all forms of impeachment or to bolster the witness merely because she has been discredited.” Id. at 157, 115 S.Ct. 696. The question is whether an out-of-court statement rebuts the alleged link between the declarant’s purported motive to lie and her subsequent testimony. Id. The pre-motive requirement exists because “[a] consistent statement that predates the motive is a square rebuttal of the charge that the testimony was contrived as a consequence of that motive ... [but] out-of-court statements that postdate the alleged fabrication ... refute the charged fabrication in a less direct and forceful way.” Id. at 158, 115 S.Ct. 696. This distinction is necessary because “[i]f ... Rule [801(d)(1)(B) ] were to permit the introduction of prior statements as substantive evidence to rebut every implicit charge that a witness’ in-court testimony results from recent fabrication or improper influence or motive, the whole emphasis of the trial could shift to the out-of-court statements, not the in-court ones.” Id. at 165, 115 S.Ct. 696. Tome acknowledged that “it may be difficult to ascertain when a particular fabrication, influence, or motive arose,” but concluded that courts are nevertheless capable of making the determination. Id. at 165-66, 115 S.Ct. 696. Following Tome, we held in Frazier that “[t]he premotive requirement will be satisfied if a district court can reasonably determine from the record a range of time when a motive to fabricate could have arisen after the prior consistent statement.” 469 F.3d at 93-94.
In this case, the trial judge initially ruled that Fiscus’s written statement was inadmissible. After a sidebar conference, he abruptly reversed course:
I am going to reconsider my ruling. I believe this is a prior statement that has been offered as consistent with the two prior statements to rebut and to challenge the declarant to a recent fabrication and motive or one of the identification of the persons made after receiving that statement, and the person she described to the defendant. And regardless to what the theory is ... at least as to her motive, you’re arguing that her motive for doing this is that she com *798 plained to her husband, so I’m going to allow it. I will allow the statement.
App. 363-64.
The Appellate Division affirmed the trial judge’s ruling in cursory fashion, concluding that Fiscus’s written statement was not hearsay under Rule 801(d)(1)(B) because “Muiruri’s entire defense was premised on the theory that [Fiscus] fabricated the rape and lied to the police.” App. 55-56.
The trial judge and the Appellate Division failed to address the determinative issue: whether Fiscus’s purported motive to falsify her testimony arose before or after she gave her statement to the police. On appeal, the Government claims that “[t]he record does not support the Appellant’s contention that the victim had a motive to accuse him of rape prior to her statement to the police to get sympathy from her husband or conceal an affair with the Appellant.” Appellee’s Br. at 16. Yet Muiruri’s defense has always been that Fiscus was motivated by a fight with her husband that occurred shortly before her encounter with Muiruri, the day before her statement to police. This theory has plain support in the record; neither the fact that Fiscus had a fight with her husband nor the relative timing of the fight and her encounter with Muiruri are in dispute. Thus, Muiruri has alleged a motive to fabricate arising before Fiscus gave her statement to the police. Accordingly, Fis-cus’s written statement constituted inadmissible hearsay under Rule 801(d)(1)(B) and its admission constituted an abuse of discretion.
B.
We next consider the testimony of John Hawkins, who overheard the security guard at Fiscus’s condominium complex tell Mr. Fiscus: “Your wife has been raped.” App. 682.
The trial judge and the Appellate Division accepted the Government’s contention that the security guard’s out-of-court statement was not offered to prove the truth of the matter asserted because it was offered to explain why Mr. Fiscus stopped searching for his wife and went to the hospital. Whether hearsay evidence is offered to prove the truth of the matter asserted is “a question of law subject to plenary review.” United States v. Sallins, 993 F.2d 344, 346 (3d Cir.1993). In Sal-lins, we noted:
Whether a disputed statement is hearsay frequently turns on the purpose for which it is offered. If the hearsay rule is to have any force, courts cannot accept without scrutiny an offering party’s representation that an out-of-court statement is being introduced for a material non-hearsay purpose. Rather, courts have a responsibility to assess independently whether the ostensible non-hearsay purpose is valid.

Id.

In this case, the Government’s justification is nothing more than a thinly veiled pretext. The Government claims that the out-of-court statement was offered to explain Mr. Fiscus’s activities after his wife’s encounter with Muiruri, but those activities are utterly irrelevant. The fact that Mr. Fiscus was searching for his wife and eventually found her at the hospital has no bearing on the question whether the sexual encounter between Muiruri and Fiscus was consensual. To the extent that the witness’s testimony provided context for the jury, its marginal utility could have been achieved without the hearsay statement— which expressed a third-hand opinion regarding the ultimate issue in the case— that Fiscus had been raped. On appeal, the Government makes no attempt to explain how Mr. Fiscus’s actions were relevant, or why the hearsay statement was so *799 necessary to provide context that it was not intended to prove the truth of the matter asserted.
In Sallins, the Government similarly argued that a radio conversation between police officers was offered as context for the officer’s actions, not for the truth of the assertion that a suspect fitting the defendant’s description was in the area. Id. We concluded that the radio conversation was not admissible to provide context because the information was of little relevance and, in any event, could have been provided without the potentially prejudicial hearsay statement. Id. Moreover, we held that even if the radio conversation were admissible to provide context, it was clearly not offered for that purpose: “The absence of a tenable non-hearsay purpose for offering the contents of the police radio call establishes that the evidence could have been offered only for its truth value.” Id. at 347.
As in Sallins, we are unable to discern a tenable non-hearsay purpose for the security guard’s statement that Fiscus had been raped. We therefore conclude that the statement was offered to prove the truth of the matter asserted. In light of the statement’s obviously prejudicial character, the trial court abused its discretion in this regard as well.
III.
Having concluded that two hearsay statements were erroneously admitted into evidence, we must determine whether these errors were harmless. Erroneously admitted evidence is harmless if “it is highly probable that the improperly admitted evidence did not contribute to the jury’s judgment of conviction.” Id. at 348. But “if one cannot say ... that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected,” and reversal is required. United States v. Lopez, 340 F.3d 169, 177 (3d Cir.2003) (quoting Government of the Virgin Islands v. Toto, 529 F.2d 278, 283 (3d Cir.1976)).
The trial of this case hinged almost entirely on conflicting versions of events given by Muiruri and Fiscus. The jury convicted Muiruri of unlawful sexual contact and two counts of rape but acquitted him of two other counts of rape. Excluding the inadmissible hearsay, the other evidence in the record would have sufficed to support the jury’s verdict. But “[t]he inquiry cannot be merely whether, notwithstanding the error, there was enough to support the conviction.” Lopez, 340 F.3d at 177 (quotations omitted). Where evidence is, as it was in this case, less than overwhelming, “we cannot help but harbor a grave doubt that the erroneous admission of [hearsay] substantially influenced the jury’s verdict.” United States v. Green, 556 F.3d 151, 158 (3d Cir.2009). See also Lopez, 340 F.3d at 177 (reversal required when the appellate court is “not confident that the improperly admitted hearsay statements did not help to ‘cement’ the jury’s judgment of conviction”).
Given the substantial weight that the jury had to place on Fiscus’s testimony to convict Muiruri, the potential prejudice caused by inadmissible hearsay reinforcing her version of events was great. A written report by the alleged victim and the conclusion of a security guard that Fiscus had been raped likely tainted the jury’s decisionmaking process. Therefore, we cannot hold that the trial court’s evidentia-ry rulings were harmless.
IV.
For the foregoing reasons, we hold that the trial court’s evidentiary rulings consti *800 tuted reversible error, which required va-catur of Muiruri’s judgment of conviction.[2]

. The jury acquitted Muiruri of two kidnapping charges, apparently crediting his testimony over Fiscus's testimony in this respect.

. In light of our holding, we need not address Muiruri's argument that an investigator’s testimony regarding her visit to the alleged crime scene constituted reversible error. We note, however, that should the Government subject Muiruri to another trial, the trial court should ensure that any testimony by the investigator is limited to her observations without repeating inadmissible hearsay statements made to her by Fiscus during their visit to the alleged crime scene.