NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-2695

———————

GOVERNMENT OF THE VIRGIN ISLANDS

v.

PATRICK KREPPS,

Appellant

———————

On Appeal from the Appellate Division of the
District Court of the Virgin Islands
(District Court No. 1-99-cr-00047-001)
District Judges: Honorable Curtis V. Gomez;
Honorable Raymond L. Finch;
Honorable Audrey L. Thomas

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 7, 2010

Before: SMITH, CHAGARES, and JORDAN, *Circuit Judges*

(Filed: May 13, 2010)

———————

OPINION OF THE COURT

———————

SMITH, *Circuit Judge*.

Kenneth Anderson was reported missing by his family on October 14, 1997. On

1

October 23, his body, which was partially mummified by the sun and partially decomposed, was found in some bushes close to Patrick Krepps's residence. A hole in Anderson's back appeared to be consistent with a bullet wound.

During the police investigation into Anderson's death, Detective Sergeant Stephen Brown of the Virgin Islands Police Department interviewed several residents in the area and learned from Jose Herrera, a housemate of Krepps, that Krepps might have been involved in Anderson's death. Thereafter, Sergeant Brown contacted Krepps. After Brown administered *Miranda* warnings, Krepps agreed not only to speak with him but also to permit a search of his residence. Krepps's statement, together with evidence obtained from the search of his residence, directly implicated Krepps in Anderson's murder. Forensic testing determined that Anderson had actually been stabbed in the back. This conclusion was consistent with human blood that was found in various spots in Krepps's bedroom and in the common areas of the residence.

Prior to trial, Krepps filed motions-in-limine to (1) permit the admission into evidence under Federal Rule of Evidence 807 the police report of Officer Colon, which contained hearsay statements from three individuals, two of whom indicated that they had seen Anderson the Monday before his family had reported that he was missing, and (2) exclude photographs of Anderson's partially mummified and partially decomposed body. The trial court denied the motion to permit the hearsay statements contained in the police report to be admitted into evidence. It noted that the statements had not been verified and that there was no evidence to suggest that the declarants had a duty to accurately report

2

the information. After conducting a Rule 403 balancing test, the trial court determined that the probative value of three of the photographs outweighed the risk of unfair prejudice. The court allowed the prosecution to admit into evidence pictures of: (1) the body in the position in which it had been found in the bushes by Krepps's residence; (2) the partially mummified side of Anderson's body; and (3) the hole on Anderson's back, which corresponded with the site of the fatal stab wound.

At trial, the prosecution called Krepps's housemate, Herrera, Sergeant Brown, and several forensic witnesses. The jury found Krepps guilty of second degree murder. Subsequently, Krepps filed a motion for a new trial under Federal Rule of Criminal Procedure 33, contending that he had discovered new exculpatory evidence. He cited the fact that he had learned that two witnesses, who were unavailable at trial, resided in Florida and could testify that they had seen Anderson after the date that he was said to have been murdered. The witnesses, Carlos Keyes and Nilka Gines, were two of the declarants in Officer Colon's police report. They left the island the month after Anderson's murder. The trial court denied the motion.

Krepps's appeal to the Appellate Division of the District Court of the Virgin Islands was unsuccessful. This appeal followed.[1] Krepps raises four issues. The first two issues challenge the trial court's evidentiary rulings: (1) excluding Officer Colon's

---

[1] The Appellate Division of the District Court exercised jurisdiction pursuant to 48 U.S.C. § 1613a(a) and (d). In light of the District Court's order granting Krepps an extension of time to appeal, we conclude that Krepps's notice of appeal to this court was timely. We have jurisdiction under 28 U.S.C. § 1291 and 48 U.S.C. § 1613a(c).

3

police report, which contained the three hearsay statements; and (2) allowing the admission of the photographs.[2] The latter two issues assert that the trial court erred in denying Krepps's motion for a new trial based on new evidence.[3]

We do not find any abuse of discretion by the trial court in denying the request to admit Officer Colon's report. It clearly contained hearsay statements of three out-of-court declarants, which were not admissible under any other rule of evidence. *See United States v. Sallins*, 993 F.2d 344, 347-48 (3d Cir. 1993). Although Krepps claimed that the report was reliable and admissible under Rule 807, his only basis was that the police officer had no reason to lie. This reason bears on the reliability of the police officer's report or testimony, but it does not establish the reliability of the statements of the three declarants cited within the body of the report.[4] Indeed, the unreliability of the statement

---

[2] We review a trial court's "ruling to admit or exclude evidence, if premised on a permissible view of the law . . . for an abuse of discretion." *United States v. Sokolow*, 91 F.3d 396, 402 (3d Cir. 1996).

[3] "We review the denial of a motion for a new trial pursuant to Rule 33 for abuse of discretion." *United States v. Silveus*, 542 F.3d 993, 1005 (3d Cir. 2008). In *Silveus*, we noted that motions for a new trial "are not favored and should be granted sparingly and only in exceptional cases." *Id.* (internal citation and quotation marks omitted).

[4] Krepps also argues that the trial court's exclusion of this police report deprived him of a meaningful opportunity to present a complete defense, which would have raised doubts about when the victim died, and whether another person was responsible for the murder. As support, Krepps points out that the Supreme Court has recognized that the exclusion of evidence may be unconstitutionally arbitrary if it "'infringe[s] upon a weighty interest of the accused.'" Appellant's Br. at 22 (quoting *United States v. Scheffer*, 523 U.S. 303, 308 (1998)). We find *Scheffer* instructive as it confirms that "[a] defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions." 523 U.S. at 308. Among the valid restrictions is the legitimate

of one of the witnesses, Ms. Gines, is evident inasmuch as she was uncertain as to when she had last seen Anderson during the month of October.

Nor do we find any abuse of discretion in the trial court's ruling that allowed admission of the three photographs. The photographs were clearly probative regarding the manner and probable time of death. As a consequence, the photographs refuted the argument raised by the defense that Anderson could have survived Krepps's physical beating and subsequently been killed by someone else. Thus, their probative value was not substantially outweighed by the danger of unfair prejudice. *See United States v. Starnes*, 583 F.3d 196, 215 (3d Cir. 2009).

Krepps's last two issues pertain to the trial court's denial of his motion for a new trial. In *United States v. Brown*, 595 F.3d 498, 511 (3d Cir. 2010), we reiterated that

> five requirements must be met before a district court may grant a new trial on the basis of newly discovered evidence:
> (a) the evidence must be in fact, newly discovered, i.e., discovered since the trial;
> (b) facts must be alleged from which the court may infer diligence on the part of the movant;
> (c) the evidence relied on, must not be merely cumulative or impeaching;
> (d) it must be material to the issues involved; and
> (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

Here, the trial court explained, *inter alia*, that the evidence was not new in light of the fact that Keyes was named in Officer Colon's report, and that the defense had not been

---

interest of the state and federal governments in excluding unreliable evidence at a trial. *Id.* at 309. Consistent with *Scheffer*, we find no abuse by the trial court in its exclusion of unreliable evidence contained in the police report.

diligent in pursuing this evidence. The court also noted that Gines was the waitress mentioned in Officer Colon's report and that her testimony would not be exculpatory as she was uncertain regarding when she had last seen Anderson.

Krepps argues that the trial court erred by concluding that he failed to show this was new evidence and that he did not act diligently. He concedes that, "[w]hile technically the evidence could have been discovered earlier," these two requirements were met because any efforts to discover these witnesses would have been frustrated because the witnesses had left the island in November of 1997. Krepps's speculation regarding what may have occurred does not alter the fact, which the trial court cited, that he did nothing to bring to the court's attention, prior to trial, that there was evidence he needed to investigate. Before us, Krepps has not cited to any portion of the record that would show he took any affirmative steps to pursue this lead. Accordingly, we find no error in the trial court's determination that Krepps did not act with due diligence in pursuing this evidence.

We will affirm the judgment of the District Court.