**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-2350
_____

STEPHANIE FAHNESTOCK,

Appellant

v.

CARLISLE REGIONAL MEDICAL CENTER

_____

On Appeal from the United States District Court for the
Middle District of Pennsylvania
(M.D. Pa. No.: 1-13-cv-01872)
District Judge: Honorable John E. Jones, III

_____

Submitted under Third Circuit LAR 34.1(a)
on July 15, 2016

(Filed: August 8, 2016)

Before: SMITH, ROTH and RENDELL, <u>Circuit Judges</u>.

_____

O P I N I O N[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL,** <u>Circuit Judge,</u>

Plaintiff-Appellant Stephanie Fahnestock, a former employee of Defendant Carlisle Regional Medical Center (CRMC) appeals the District Court's order granting Defendant's motion for summary judgment. Fahnestock brought a single claim under the Age Discrimination and Employment Act (ADEA), alleging that her termination from CRMC was illegal age discrimination. The District Court found that CRMC proffered a legitimate nondiscriminatory reason for terminating her employment and that the nondiscriminatory reason for her termination was not a pretext for age discrimination. We will affirm the District Court's Order.

## I. Background

Throughout Fahnestock's twenty-eight year employment with CRMC, from July 2, 1984, until April 30, 2012, she was the subject of several complaints and disciplinary actions. In 1999, two patients filed complaints against Fahnestock, alleging unacceptable demeanor with patients. In 2007, she was reprimanded for using inappropriate language at the front desk while a patient was present in the waiting area. In 2008, Fahnestock received a one-day suspension for failing to follow the proper procedure for utilizing flex time.

Disciplinary action against Fahnestock became frequent in 2011 after a new administration took over the radiology department at CRMC. On January 6, she was issued a verbal warning for failing to follow the proper protocol for taking sick leave. On May 12, she received a written warning after a patient complained that Fahnestock made

2

inappropriate comments regarding the patient. On June 16, she was issued a written warning after she risked harm to a patient by incorrectly placing a biopsy guide on a transducer, resulting in the patient's being placed in an incorrect position. On November 23, she received a written warning detailing several performance concerns, including two complaints from providers regarding poor imaging quality, general customer service problems, and three quality assurance errors. Notably, Fahnestock told a patient, without the authority to do so, that her imaging results were normal and allowed her to leave. In fact, the results were abnormal and indicated serious issues, and the patient had to be contacted and admitted to the hospital. In December 2011, Fahnestock received a 62% on her annual performance evaluation.

In April 2012, CRMC's Human Resources Director sent an email entitled "Termination Review" to the Regional Director of Human Resources detailing Fahnestock's 2011 disciplinary actions. Fahnestock was terminated several days later for "unsatisfactory performance." CRMC hired Emily Rex, who was twenty-three at the time, as a replacement. She was originally hired on an as-needed basis, but she assumed the full-time position three months after Fahnestock's termination.

Fahnestock filed a Complaint against CRMC on July 9, 2013, alleging age discrimination under the ADEA, 29 U.S.C.A. § 621, *et seq.* CRMC filed a Motion for Summary Judgment on September 9, 2014, which the District Court granted.

II. **Discussion**[1]

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331; we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over an order granting

Under the ADEA, it is unlawful for an employer to terminate an employee who is at least forty years old on the basis of age. 29 U.S.C. § 623(a)(1); *Fakete v. Aetna, Inc.*, 308 F.3d 335, 337 (3d Cir. 2002). To prevail on an ADEA claim, the Plaintiff must show that her age actually motivated and had a determinative influence on the employer's decision to terminate. *Fakete*, 308 F.3d at 337. A Plaintiff can meet this burden by presenting indirect evidence of discrimination that satisfies the three-step framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Fakete*, 308 F.3d at 338.

The first step under *McDonnell Douglas* is to show a prima facie case of discrimination. The prima facie case for age discrimination under the ADEA requires showing that the employee: (1) is over forty years old; (2) is qualified for the position in question; (3) suffered an adverse employment decision; and (4) was replaced by someone sufficiently younger to permit a reasonable inference of age discrimination. *See Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 370 (3d Cir. 2004). Once the prima facie case is established, the second *McDonnell Douglas* step shifts the burden of production to the employer to show a legitimate nondiscriminatory reason for the adverse employment decision. *Smith v. City of Allentown*, 589 F.3d 684, 690 (3d Cir. 2009). If the employer successfully provides a nondiscriminatory explanation, the burden of production returns to the employee to demonstrate that the employer's articulated reason was a pretext for

summary judgment. *Curley v. Klem*, 298 F.3d 271, 276 (3d Cir. 2002). Summary judgment is appropriate if the evidence shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

4

age discrimination. *Id.* To show pretext, the employee must point to evidence "from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reason[]; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). Although the evidentiary burden of production shifts under the *McDonnell Douglas* framework, the burden of persuasion remains with the Plaintiff. *Id.*

It is undisputed that the first two steps of the *McDonnell Douglas* analysis are satisfied in this case. Fahnestock has established a prima facie case of age discrimination, and CRMC has presented a legitimate nondiscriminatory explanation for her termination—poor job performance as evidenced by multiple disciplinary actions. The sole issue on appeal is whether the District Court erred when it concluded that Fahnestock failed to show that CRMC's reason for termination was a pretext for age discrimination. It did not.

First, Fahnestock argues that the disciplinary actions against her were "so far attenuated [that] no reasonable juror would believe they had any bearing on the Defendant's decision to terminate in 2012." (Appellant Br. 16). She claims that CRMC started targeting her with citations in 2011, and that it "strains credulity" that her work "be[came] poor after decades of work with no problems." *Id.* However, the facts show that Fahnestock did not have "decades of work with no problems." In fact, she had disciplinary actions in 1999, 2007, and 2008. Further, even if the only reprimands she had received were from 2011, "prior good evaluations alone cannot establish that later

5

unsatisfactory evaluations are pretextual." *Billet v. CIGNA Corp.*, 940 F.2d 812, 826 (3d Cir. 1991). It is thus irrelevant that the majority of Fahnestock's disciplinary incidents occurred only in 2011. Fahnestock may have received more disciplinary citations in 2011 due to the change in standards and protocols following CRMC's acquisition of a new radiology group. As the District Court noted, Fahnestock never challenged the veracity of the disciplinary citations themselves, indicating that they may have indeed been legitimate, not pretextual.

Second, Fahnestock argues that the disciplinary citations produced by CRMC constitute improper hearsay evidence because they referenced unidentified physicians and it was undisclosed when or how the complaints were made. "Hearsay is a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted." *United States v. Sallins*, 993 F.2d 344, 346 (3d Cir. 1993); Fed. R. Evid. 801(c). The citations in this case do not constitute hearsay because they were not offered as evidence to prove the truth of the matter asserted. The documents were being offered to explain CRMC's motivation for terminating Fahnestock's employment, not to assert the truth of the statements therein. *See, e.g.*, *Wolff v. Brown*, 128 F.3d 682, 685 (8th Cir. 1997) ("such documents are relevant and admissible because they help explain . . . the employer's conduct."). The disciplinary citations are thus admissible and were properly considered on summary judgment.

Finally, Fahnestock argues that a reasonable jury could determine that CRMC's explanation her termination was pretextual given the "wholly inadequate explanation for her replacement by Emily Rex." (Appellant Br. 18). She alleges that the circumstances

6

surrounding Rex assuming the position full-time, when the original plan was to hire Rex on an as-needed basis, present a dispute of material fact for trial. *Id.*

This argument is mere speculation, and speculation does not create a genuine issue of fact. *See Lexington Ins. Co. v. W. Pa. Hosp.*, 423 F.3d 318, 333 (3d Cir. 2005). Further, the circumstances surrounding the hiring of a replacement is irrelevant to CRMC's initial motivation behind terminating Fahnestock. A reasonable jury could thus determine that CRMC's explanation was not pretextual, even considering the allegedly inadequate explanation for the commencement of Rex's employment.[2]

## III. Conclusion

Fahnestock failed to show pretext because she did not provide evidence from which a reasonable factfinder could disbelieve CRMC's articulated legitimate reason for termination, and has failed to show that age discrimination was more likely than not a motivating cause of CRMC's decision to terminate. *See Fuentes*, 32 F.3d at 764. Thus, we will affirm the District Court's order granting CRMC's motion for summary judgment.

---

[2] Fahnestock also argues that the citations violate Fed. R. Civ. P. 26(a)(1)(A)(i) and 37(c)(1) because the identities of the physicians were never disclosed. This argument was not raised before the District Court; thus, it has been waived.

7