**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 18-2094 & 18-2095
_____

UNITED STATES OF AMERICA

v.

JUDY HAISTEN and DAVID HAISTEN,

Appellants
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-16-cr-00461-001 and 2-16-cr-00461-002)
District Judge: Hon. Gerald J. Pappert
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 1, 2019
_____

Before: SHWARTZ, FUENTES, and FISHER, Circuit Judges.

(Filed: October 24, 2019)

_____

OPINION*
_____

SHWARTZ, Circuit Judge.

_____

   * This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Defendants Judy Haisten and David Haisten appeal their convictions stemming from their sale of counterfeit DVDs as well as flea and tick kits containing pesticides that they were not authorized to sell. The Haistens challenge an evidentiary ruling and a statement the Government made during its summation. Because the District Court did not abuse its discretion by stating that it would sustain a hearsay objection and the Government did not give an improper closing argument, we will affirm.

I

The Haistens are a married couple who, starting in 2009, ran the Luv My Pets Supply Store LLC from their home in South Carolina and sold flea and tick kits on eBay. The Haistens created homemade kits by disassembling kits they purchased from foreign and domestic distributors and, using vials and syringes, created packets that included smaller amounts of the flea and tick medication. The medication contained a regulated pesticide, but the Haistens did not have permission from either the Environmental Protection Agency ("EPA") or the Food and Drug Administration to sell it.

As a result, the Haistens received cease-and-desist letters from manufacturers and the South Carolina Pharmacy Board demanding that they stop selling the homemade kits. At trial, Mr. Haisten testified that he and his wife "sought legal advice and . . . went to a lawyer." Supp. App. 655. Before Mr. Haisten testified about the content of the legal advice, the Government objected on hearsay grounds. See Fed. R. Evid. 801(c) (defining hearsay). The District Court stated that, although Mr. Haisten "hasn't gotten into" the substance of the legal advice he received from his lawyer, the Court would "sustain the objection if we get there based on the content of what he says." Supp. App. 655.

2

Nonetheless, Mr. Haisten eventually testified that, after he received a letter from the South Carolina Pharmacy Board, he "ran straight to a lawyer" who gave him advice "about what he thought [Mr. Haisten] should do." Supp. App. 657-58. Mr. Haisten added that the lawyer informed him "that the EPA could make as much trouble for us as they wanted to, and it would be [a] good idea to sell [the flea and tick kits] as a whole box, even though that considerably hurt . . . sales." Supp. App. 658. The Government did not object to or seek to strike this testimony.

In addition to selling flea and tick kits on eBay, the Haistens sold counterfeit DVDs. At some point, eBay prohibited the Haistens from selling their items, and, as a result, the Haistens asked others to let them use their names and identifying information to open new "stealth" eBay accounts. Supp. App. 664. Mr. Haisten claimed that he received permission "[i]n every case" where he set up eBay accounts in other people's names. Supp. App. 665. For instance, he testified that a family friend, G.W., gave the Haistens permission to use his personal information to establish an eBay account. The Haistens, however, continued to use the eBay account in G.W.'s name to sell counterfeit DVDs even after he passed away.

The Haistens also "opened a business" in the name of M.M., who worked at their temporary employment agency "for one day in 2001" and was paid $ 40.25. Supp. App. 882-83. M.M. was neither the Haistens' friend nor a family member. In response to Mr. Haisten's testimony that he had permission to use the identities of others to establish eBay accounts, the Government asked Mr. Haisten:

3

You're telling us that you asked [M.M.], a woman who worked for you in 2001 for one day for her permission and she said, "Sure. Go ahead and sell pesticide kits in my name and open a company in my name. That's cool?"

Supp. App. 886. Mr. Haisten responded that he "wasn't involved in the connection with [M.M.]." Id.

During its summation, the Government stated that the jury had before it "the pesticide[] . . . [and] [M.M.'s] name used fraudulently." Supp. App. 785. The Government added that Mr. Haisten "didn't know [M.M.]" because "[s]he worked for them for one day 15 years ago." Supp. App. 785. Mr. Haisten objected, arguing that the Government "ha[d] to put [M.M.] on the witness stand" to assert that the Haistens used her name without permission. Supp. App. 787. The District Court overruled the objection and reasoned that the Government's argument accorded with Mr. Haisten's testimony.

The jury found the Haistens guilty of conspiracy, 18 U.S.C. § 371; violations of the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136j(a)(1)(A), (a)(1)(E); introduction of misbranded drugs into interstate commerce in violation of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 331(a) and 333(a)(2); and trafficking of counterfeit goods, 18 U.S.C. § 2320(a). The Haistens appeal.

II[1]

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

The Haistens contend that (1) the District Court improperly excluded the advice of counsel they received about selling pet medication and (2) the Government committed prosecutorial misconduct by mentioning facts not in evidence during its summation. Neither argument has merit.

A[2]

The advice-of-counsel defense provides that, if a defendant gives a "full and honest disclosure of the material facts surrounding a possible course of action, [and] seek[s] and obtain[s] the advice of counsel on the potential legality of [his] actions," then, in relying on counsel's advice, he "lack[s] the requisite intent to violate the law."[3] United States v. Traitz, 871 F.2d 368, 382 (3d Cir. 1989) (internal quotation marks omitted). The Haistens assert that, because the District Court excluded testimony of their discussions with a lawyer about the sales of their homemade flea and tick kits, it precluded them from using this defense.

---

[2] We review the District Court's decision to exclude evidence for abuse of discretion. United States v. Starnes, 583 F.3d 196, 213-14 (3d Cir. 2009). "We will not disturb a trial court's exercise of discretion unless no reasonable person would adopt the district court's view." Id. at 214 (alteration omitted) (quoting Ansell v. Green Acres Contracting Co., 347 F.3d 515, 519 (3d Cir. 2003)).

[3] The advice-of-counsel defense only applies to "willful violation[s] of the law." United States v. Ragsdale, 426 F.3d 765, 778 (5th Cir. 2005). Crimes involving "willful" violations "require[] more than a general intent to accomplish an act; [they] require[] proof that the act was done with the specific intent to do something that the law forbids." United States v. Stadtmauer, 620 F.3d 238, 258 (3d Cir. 2010). Because we conclude that the District Court did not abuse its discretion by stating that it would sustain the hearsay objection, we need not decide whether the advice-of-counsel defense applies to the FIFRA and FDCA counts to which the advice pertained.

The District Court did not abuse its discretion when it stated that it would sustain the Government's hearsay objection concerning Mr. Haisten's testimony about his lawyer's statements. "Hearsay is a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted." United States v. Sallins, 993 F.2d 344, 346 (3d Cir. 1993) (citing Fed. R. Evid. 801(c)). Based on the context, the Court appropriately surmised that the Haistens' communications with their lawyer might be offered to show that the eBay sales were legal and thus would be hearsay. At no point during trial did Mr. Haisten contend that the legal advice was meant to show that he and his wife lacked the necessary intent to commit the crimes of distributing pesticides without authorization and introducing misbranded drugs into interstate commerce. See United States v. Edwards, 792 F.3d 355, 357 n.2 (3d Cir. 2015) (observing that statements offered to show an "effect on the listener" are not hearsay because they are "not offered for their truth"). Indeed, the Haistens did not present their lawyer as a witness, argue that they relied on the advice of counsel when selling their homemade kits, or even request an advice-of-counsel jury instruction. Accordingly, even assuming an advice-of-counsel defense was available to the Haistens, we cannot say that the Court abused its discretion by excluding the discussions with their lawyer as hearsay.[4]

---

[4] Even if the District Court abused its discretion, the error was harmless. "The test for harmless error is set forth in Rule 52(a) of the Federal Rules of Criminal Procedure: '[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.'" United States v. Stevenson, 832 F.3d 412, 427 (3d Cir. 2016). Although the Court stated that it would sustain a hearsay objection if Mr. Haisten testified to the substance of the legal advice he received, Mr. Haisten (1) testified that the lawyer informed the Haistens that the EPA could "make . . . trouble" for them and recommended that they sell the flea kits in "whole box[es]" to comply with the relevant law, Supp. App.

6

B[5]

The Haistens also assert that the Government improperly argued during summation that M.M.'s name was "used fraudulently" in operating eBay accounts that sold the flea and tick kits. Supp. App. 785. In evaluating whether the Government's comments during summation were appropriate, we ask "whether such remarks, in the context of the entire trial, were sufficiently prejudicial to violate [the] defendant's due process rights." United States v. Green, 25 F.3d 206, 210 (3d Cir. 1994) (quoting United States v. Scarfo, 685 F.2d 842, 849 (3d Cir. 1982)); see also United States v. Young, 470 U.S. 1, 11 (1985) (cautioning that "a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context"). To this end, the Government has "considerable latitude in summation to argue the evidence and any reasonable inferences that can be drawn from that evidence." United States v. Werme, 939 F.2d 108, 117 (3d Cir. 1991).

Based on the evidence adduced at trial, a juror could reasonably infer that Mr. Haisten used M.M.'s name fraudulently. Mr. Haisten testified that he and his wife

---

658, and (2) argued during summation that he "pa[id] a lawyer $5,000" to receive advice about the cease-and-desist letters and that the lawyer said it was "debatable" that the sale of the flea and tick kits was illegal, Supp. App. 749. Thus, the testimony he claims he was not permitted to offer was in fact presented and was actually unhelpful to his defense, since it included advice that told him to stop engaging in the prohibited kit sales. As a result, any alleged error in stating that a hearsay objection would be sustained did not affect the outcome of the proceedings.

[5] Immediately after the Government concluded its summation, Mr. Haisten objected, arguing that the Government lacked a factual basis for its claim that he used M.M.'s name fraudulently. Thus, we will review the District Court's ruling for abuse of discretion. See United States v. Brennan, 326 F.3d 176, 182 (3d Cir. 2003).

opened several "stealth" accounts under other people's names because eBay "banned" their account, and M.M. was one of the many identities that they used to conduct their illegal businesses. Supp. App. 664. M.M. worked for the Haistens at their temporary employment agency for one day in 2001, years before Luv My Pets Supply Store came into existence. She was, moreover, neither the Haistens' friend nor a family member. While Mr. Haisten testified that he always received permission when opening an eBay account in someone else's name, he equivocated when discussing the account in M.M.'s name and stated that he was not "involved" with opening it. Supp. App. 886. Furthermore, the Haistens previously used the eBay account of a deceased friend to sell their counterfeit DVDs, which showed that they lacked permission to operate a business using another person's name.

In sum, given the Haistens' reason for establishing the accounts and the use of identities of people who played no role in the Haistens' business to set up those accounts, a juror could reasonably infer that the Haistens used M.M.'s personal information without permission, and so the Haistens were not prejudiced by the argument. Thus, the District Court correctly overruled Mr. Haisten's post-summation objection.

III

For the foregoing reasons, we will affirm.

8