NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2774
_____

UNITED STATES OF AMERICA

v.

ED JOHNSON,

Appellant
_____

On Appeal from the United States District Court
For the District of Delaware
(D.C. Criminal Action No. 1-08-cr-00146-001)
District Judge:  Honorable Joseph J. Farnan, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
September 20, 2011
_____

Before:  AMBRO, CHAGARES, and ALDISERT, Circuit Judges

(Opinion filed October 24, 2011)
_____

OPINION
_____


AMBRO, Circuit Judge

Following an eight-day jury trial, Appellant Ed Johnson was found guilty of mail

and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343, conspiracy to commit wire

fraud in violation of 18 U.S.C. § 1349, and money laundering in violation of 18 U.S.C. § 1957. He was sentenced to 120 months' imprisonment. This appeal followed. We affirm.

## I.

Because we write solely for the parties, we recite only those facts necessary for our decision. Ed Johnson and his wife, G. Carol Johnson,[1] engaged in a multi-year scheme pursuant to which they, through their business entities MERL Financial Group and Heritage Capital Credit Corporation, fraudulently collected significant advance fees from loan applicants despite the fact that they had no means by which they could fund the desired loans. Between 2003 and 2007, the Johnsons collected in excess of $1.5 million in advance fees in connection with loan applications, yet they did not fund a single loan.

## II.

In this appeal, Johnson argues that the District Court erred by, first, improperly allowing prejudicial hearsay testimony over the objection of the defense, and, second, failing to give the jury a limiting instruction in connection with the admission of evidence related to other acts.

## III.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

---

[1] Ms. Johnson was convicted of the same offenses as her husband. She initially appealed her conviction, but subsequently moved to dismiss the appeal. That motion was granted, and thus only Ed Johnson's appeal is before us. Hereinafter, "Johnson" refers only to Ed Johnson.

With regard to Johnson's argument relating to the District Court's admission of hearsay testimony, this Court's standard of review is mixed. "Whether a statement is hearsay is a legal question subject to plenary review." *United States v. Price*, 458 F.3d 202, 205 (3d Cir. 2006) (citing *United States v. Sallins*, 993 F.2d 344 (3d Cir. 1993)). "If the district court correctly classifies a statement as hearsay, its application of the relevant hearsay exceptions is subject to review for abuse of discretion." *Id.* (citing *United States v. Tyler*, 281 F.3d 84, 98 (3d Cir. 2002)).

Johnson did not request a limiting instruction with respect to the admission of evidence related to other acts. We thus review the District Court's failure to give such an instruction for plain error. *See United States v. Gibbs*, 190 F.3d 188, 217 (3d Cir. 1999).[2]

IV.

Johnson first argues that, during the Government's redirect of Federal Bureau of Investigation Special Agent Peter Gangel, the District Court erred by allowing Agent Gangel to testify about statements made to him by witnesses who did not testify at trial. Specifically, Johnson takes exception to Agent Gangel telling the jury that the non-testifying witnesses: (1) told him that "they thought Carol Johnson intended to steal their money"; (2) reported the Johnsons to federal and state regulatory agencies, and even local television news stations; and (3) were angry with the Johnsons.

---

[2] "Errors that were not raised before the District Court are subject to plain error review[.]" *United States v. Ward*, 626 F.3d 179, 183 (3d Cir. 2010). This means that, "in order to prevail on appeal, a defendant must establish an error that is plain, which affected his substantial rights, and which, if not rectified, would seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.*

With respect to the first challenged portion of Agent Gangel's testimony, we agree with the District Court that the cross-examination of Agent Gangel— including defense counsel's questioning as to statements made by non-testifying witnesses who allegedly felt positively about Carol Johnson—opened the door to this line of questioning. *See Gov't of V.I. v. Archibald*, 987 F.2d 180, 187 (3d Cir. 1993) (explaining that doctrine of "opening the door" provides that when one party introduces inadmissible evidence, opposing party may introduce otherwise inadmissible evidence to rebut or explain the prior evidence). Further, because Agent Gangel's statement implicated only his wife, we see no resulting prejudice to Johnson. *See United States v. O'Connor*, 737 F.2d 814, 821 (9th Cir. 1984) (holding that admission of hearsay statement was harmless because statement only implicated co-defendant); *United States v. Ellis*, 547 F.2d 863, 867 (5th Cir. 1977) (holding that admission of hearsay declaration that did not affect defendant was not prejudicial error as to that defendant). To be sure, Johnson himself acknowledges that the other evidence against him was "abundant." (Johnson Br. at 27-28.) As such, even if admission of the statement were error, it was not reversible error. *See United States v. Reynolds*, 715 F.2d 99, 104 (3d Cir. 1983) ("Not every admission of inadmissible statements can be considered reversible error.").

The second and third categories of Agent Gangel's testimony are not hearsay. The reports to the governmental agencies and news stations were merely offered to establish that they were made; indeed, as there was no mention of the substance of the reports, they could not have been offered for their truth. *See* Fed. R. Evid. 801(c) ("'Hearsay' is a statement . . . offered in evidence to prove the truth of the matter asserted."). And Agent

4

Gangel's testimony regarding the non-testifying witnesses' anger toward the Johnsons likewise is not hearsay. *See* Fed. R. Evid. 803(3) (stating that testimony about a declarant's "then existing state of mind, emotion, sensation, or physical condition" is not hearsay).[3] Accordingly, we reject Johnson's first argument.

We likewise are not persuaded by the contention that the District Court erred by failing to issue a limiting instruction with respect to the admission of a Stipulation and Order between the Securities and Exchange Commission and MERL Holdings, Inc.com, a business entity operated by the Johnsons (the "SEC Order"). The District Court admitted the SEC Order, which held Johnson in civil contempt for failing to disclose his common ownership of two business entities, as evidence of other acts pursuant to Rule 404(b) of the Federal Rules of Evidence.[4]

Significantly, Johnson did not request a limiting instruction. Reviewing the District Court's failure to issue a limiting instruction for plain error, we find none. The Government presented 19 witnesses during a trial that lasted eight days; the SEC Order

---

[3] Johnson also complains about allegedly hearsay testimony of two other Government witnesses. However, he does not specifically identify those statements. As such, this contention arguably is waived. *See United States v. Riddick*, 156 F.3d 505, 509 n.3 (3d Cir. 1998); *see also United States v. Isabel*, 945 F.2d 1193, 1199 (1st Cir. 1991) (finding waiver where appellants failed to identify the challenged hearsay statements). On review of the trial transcript, it appears that these witnesses did not testify about any out-of-court statements; and, if they did, those statements were not offered for the truth of the matters asserted. In any event, we conclude that there was no reversible error in admitting this testimony.

[4] Under this rule, evidence of other acts is admissible if it (1) has a proper evidentiary purpose, (2) is relevant under Rule 402, (3) satisfies Rule 403, and (4) is accompanied by a limiting instruction when requested pursuant to Rule 105. *See United States v. Cross*, 308 F.3d 308, 320-21 (3d Cir. 2002).

was mentioned a mere three times. Considering the extremely minor role this piece of evidence appears to have played in the trial, as well as what Johnson himself acknowledges was "abundant" other evidence of his guilt, the lack of a limiting instruction, even conceding it was an error that was plain, neither affected the outcome of the proceeding nor seriously affected the fairness, integrity, or public reputation of the proceedings. *See Moore*, 375 F.3d at 262.[5]

Consequently, we affirm Johnson's conviction.

---

[5] For these same reasons, to the extent, if any, that Johnson has asserted that the Government used the SEC Order for purposes other than those permitted under Rule 404(b), this did not result in plain error.