CLD-040                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2549
_____

UNITED STATES OF AMERICA

v.

ED JOHNSON,
            Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal Action No. 1-08-cr-00146-001)
District Judge:  Honorable Leonard P. Stark

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 2, 2017

Before:  CHAGARES, GREENAWAY, JR. and GREENBERG, Circuit Judges


(Opinion filed: January 22, 2018)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ed Johnson, a federal prisoner, appeals pro se from the District Court's order denying his motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. We will affirm.

On October 30, 2009, a jury found Johnson guilty of mail and wire fraud, conspiracy to commit wire fraud, and money laundering, and the District Court sentenced him to 120 months of imprisonment. We affirmed. See United States v. Johnson, 449 F. App'x 149 (3d Cir. 2011). In 2012, Johnson filed a 28 U.S.C. § 2255 motion. The District Court denied Johnson's motion, and we declined to issue a certificate of appealability. See C.A. No. 13-3758. In 2016, we denied Johnson's application under 28 U.S.C. § 2244 for an order authorizing the District Court to consider a second or successive § 2255 motion. See C.A. No. 15-2825.

In March 2017, Johnson filed a Rule 33 motion, arguing that he is entitled to a new trial because a March 7, 2014 United States Tax Court decision/stipulation, see Doc. No. 354 at 49-50, constitutes newly discovered evidence which demonstrates that he is innocent of the crimes of conviction.[1] The convictions stemmed from Johnson's false claims that he had the ability to fund commercial loans, and Johnson argues that the 2014 document shows that his tax returns were not false, and he thus had the financial ability to fund the loans as issue in the indictment. The District Court denied the motion as untimely, and further concluded that it was, in any event, meritless.

---

[1] Johnson previously presented this document in his § 2244 application.

"We review the District Court's denial of a motion for a new trial for abuse of discretion." United States v. Schneider, 801 F.3d 186, 201 (3d Cir. 2015). Where a Rule 33 motion is based on newly-discovered evidence, the movant shoulders a "heavy burden," see United States v. Brown, 595 F.3d 498, 511 (3d Cir. 2010), of proving five elements: "(a) [T]he evidence must be in fact newly discovered, i.e.[,] discovered since trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal," Schneider, 801 F.3d at 201-02.

Johnson's motion, which was filed more than 7 years after his conviction, was filed well outside of the limitations period prescribed by Rule 33. See Fed. R. Crim. P. 33(b)(1) (stating that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty."). But there is nonetheless a question as to whether the District Court could simply dismiss the motion as untimely. Relevant here, it is unclear whether the time limitation contained in Rule 33(b)(1) is jurisdictional or claims-processing. In United States v. Coleman, 811 F.2d 804 (3d Cir. 1987), we held that "[t]he time limit for filing motions under Rule 33 is jurisdictional [such that] a district court is powerless to entertain such motions out of time." Id. at 807. Since Coleman, however, the Supreme Court has held that the time limitation contained in Rule 33(b)(2), which applies to motions for a new trial based on

3

any reason other than newly discovered evidence, is not jurisdictional and is instead a claims-processing rule that can be forfeited. See Eberhart v. United States, 546 U.S. 12, 13 (2005). And though we have yet to address the issue precedentially, other courts have concluded that this reasoning also applies to Rule 33(b)(1) motions based on newly discovered evidence. See, e.g., United States v. Berry, 624 F.3d 1031, 1042 (9th Cir. 2010).

If Rule 33(b)(1) is to be considered a claims-processing rule, its protection is subject to forfeiture if not properly invoked by the Government. See, e.g. Eberhart, 546 U.S. at 13. Here, the Government did not file a response to the motion, and thus did not specifically object to its timeliness. Nonetheless, under the circumstances of this case, specifically the four-year delay in filing the motion after the limitations period had run, it may be that the District Court could sua sponte invoke Rule 33(b)(1)'s time limit and dismiss the motion as untimely. Cf. Gov't of the V.I. v. Martinez, 620 F.3d 321, 329 n.6 (3d Cir. 2010) (leaving unresolved the question of whether this Court could sua sponte invoke the time limit prescribed by Federal Rule of Appellate Procedure 4(b), a claims-processing rule, but suggesting that a case of "inordinate" delay might be an appropriate circumstance).

If the District Court appropriately invoked the time limit sua sponte, Johnson's arguments for equitable tolling, assuming equitable tolling applies to Rule 33 motions, would not change the outcome. Johnson contends that equitable tolling is warranted because he pursued his rights diligently by obtaining the 2014 decision/stipulation, after

4

which the "eighteen month delay [during] which [he] conducted more due diligence research of several cases [] in order to articulate his case to the [district] court" constitutes extraordinary circumstances. But the time that he spent researching issues constitutes a "garden variety claim of excusable neglect," not extraordinary circumstances. See, e.g., Jenkins v. Sup't of Laurel Highlands, 705 F.3d 80, 89 n.16 (3d Cir. 2013) (quoting Holland v. Florida, 560 U.S. 631, 651 (2010)).

In any event, even if the District Court could not properly invoke Rule 33(b)(1)'s time limit absent a motion by the Government, it properly denied Johnson's motion as meritless. As an initial matter, the 2014 decision/stipulation does not even constitute evidence which was "newly discovered"; the document is simply a stipulation between Johnson and the IRS, signed by both parties in February 2014, that the United States Tax Court may enter a decision "sustain[ing] in full" two notices of determination concerning collection actions the IRS issued, respectively, in April 2009 (six months before trial) and June 2010 (nine months after trial), regarding Johnson's and his wife's tax liabilities for each taxable year from 1999 to 2006. And even if the 2014 decision/stipulation could be considered newly discovered, it would not produce an acquittal, as it does not demonstrate that Johnson's tax returns were authentic, and, thus, he had the means to repay the victims in his fraud scheme. And, in this regard, we note that Johnson presented expert testimony at trial and had the opportunity to demonstrate the authenticity of prior tax returns, as well as his financial wherewithal at the time of the scheme.

For the above reasons, we will affirm the judgment of the District Court.

5